UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

UNITED STATES OF AMERICA    )
    )
    )
v.    )    Nos. 2:09cr17, 2:14cv183
    )
    )
CHRISTOPHER ALAN MITCHELL    )

MEMORANDUM OPINION AND ORDER

On April 10, 2009, a grand jury sitting in the Eastern District of Tennessee indicted Christopher Alan Mitchell ("Mitchell" or "Defendant") for possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 924(g)(1)(a), 924(e). [Doc. 1].[1] On June 3, 2009, Mitchell pled guilty to the one-count indictment, [*See* Doc. 19], pursuant to his notice of intent to plead guilty without benefit of a negotiated plea agreement. [Doc. 17]. A presentence investigation report ("PSR") was ordered and prepared. Because Mitchell was determined to be an armed career criminal based on (1) a 2004 conviction for aggravated burglary in Carter County, Tennessee, [PSR at ¶ 38], (2) a 2004 burglary in Carter County, Tennessee, [*id.*at ¶ 41], and (3) a 2005 aggravated burglary conviction in Washington County, Tennessee, [*id.* at ¶ 45], he was subject to a minimum mandatory sentence of fifteen years to a maximum of life imprisonment. [*Id.* at ¶¶ 63, 64]. *See* 18 U.S.C. § 924(e). Mitchell was sentenced to the minimum mandatory term of imprisonment on April 28, 2010, [Doc. 36]. He did not file a direct appeal.

Roughly four years later, on June 20, 2014, Mitchell, through counsel, filed a motion to correct, set aside or vacate sentence pursuant to 28 U.S.C. § 2255, [Doc. 38], and subsequently

---

[1] All references to Docket Numbers are from the criminal case docket, No. 2:09cr17.

1

amended the motion, [*See* Doc.41]. Mitchell argued "that in view of the Supreme Court's intervening decision in *Descamps* [v. *United States*, 133 S. Ct. 2276 (2013)], his sentence as an armed career criminal was illegal because his prior aggravated burglary convictions were not valid predicate offenses." [*Id*. at 2]. He claimed that "Tennessee's aggravated burglary statute [is] overly broad because it criminalizes entry of places that fall outside the generic definition of burglary." [*Id*. at 5]. On June 23, 2016, Mitchell filed a "supplement" to his amended §2255 petition, further relying on *Johnson v. United States*, 576 U.S. 591 (2015) and *Mathis v. United States*, 136 S. Ct. 2243 (2016). [Doc. 46].

While Mitchell's amended motion under § 2255 was pending, the full Sixth Circuit issued its opinion in *United States v. Stitt*, 860 F.3d 854 (6th Cir. 2017) (*en banc*), *rev'd United States v. Stitt*, 139 S. Ct. 399 (2018). In *Stitt*, the *en banc* Sixth Circuit held that Tennessee's aggravated burglary statute is broader than generic burglary, such that "Tennessee aggravated burglary is not a violent felony for purposes of the ACCA." *Stitt,* 860 F.3d at 856. After the *Stitt* decision, the parties filed a joint status report agreeing that Mitchell's "prior Tennessee aggravated burglary convictions no longer count as violent felonies under the ACCA" and that "absent those convictions, [Mitchell] has insufficient other convictions to be subject to the ACCA's enhanced penalties." [Doc. 53 at 2]. In light of the parties' agreement as to the application of *Stitt* to the case, the Court granted the amended §2255 motion, as supplemented, vacated its prior judgment, and ordered that a resentencing hearing be scheduled. [Doc. 54]. Resentencing was scheduled for October 30, 2017, [*see* Notice dated August 18, 2017].

After numerous continuances, the Court convened a resentencing hearing on June 18, 2018, [*see* Doc. 80]. That is when this case became somewhat complicated. Prior to that hearing, the United States Supreme Court had granted certiorari in *Stitt.* As a result, the Court stayed the

case pending Supreme Court review of the Sixth Circuit's *en banc* decision. [Doc. 81]. On December 10, 2018, the United States Supreme Court unanimously reversed the Sixth Circuit and held that Tennessee aggravated burglary qualifies as a violent felony under the ACCA's enumerated-offense clause. *United States v. Stitt*, 139 S. Ct. 398 (2018). The Court then lifted the stay and set the resentencing for April 15, 2019. [Doc. 85]. The Court subsequently stayed the case again, this time at the request of Mitchell, to allow two cases to be finally decided, both of which were anticipated to be before the Supreme Court on petitions for writ of certiorari to address issues now raised belatedly by Mitchell in his case. *See Brumbach v. United States*, 929 F.3d 791(6th Cir. 2019), reh'g denied, Nos. 18-5203, 5705, 2019 U.S. App. LEXIS 28017 at *1 (6th Cir. Sept. 16, 2019) and *Hennessee v. United States*, 932 F.3d 437 (6th Cir. 2019), petition for cert. filed, Sept. 9, 2019 (No.19-5924). [Doc. 103]. On January 13, 2020, the Supreme Court denied certiorari in *Hennessee*, 140 S. Ct. 896, (2020) and in *Brumbach* on January 27, 2020, 140 S. Ct. 974 (2020), and the Court granted the government's motion to resume the case and reset sentencing for May 18, 2020. [Doc. 106]. The May 18 hearing did not occur because of the COVID-19 pandemic. *See* E.D. Tenn. SO-20-13. That is where matters now stand.

Before the Court are numerous motions: (1) the United States' motion to vacate order granting § 2255 relief, [Doc. 86], response,[2] [Doc. 98]; (2) the United States' motion to reinstate original judgment, [Doc. 99];[3] (3) Mitchell's second motion to continue/hold resentencing in abeyance, [Doc. 107], response, [Doc. 108]; and (4) the United States' motion to cancel resentencing hearing and reinstate original judgment, [Doc. 109], response, [Doc.110]. For the reasons which follow, the motion of the United States to vacate the Court's prior order granting §

---

[2] Even though the Court entered judgment on Mitchell's § 2255 motion on August 8, 2017, that judgment, granting resentencing, was never final. *See Andrews v. United States*, 373 U.S. 334, 337 (1963) (where a court elects under § 2255 to resentence, "there is no final disposition of the § 2255 proceedings until the petitioner[] [is] sentenced.").

[3] The Defendant does not appear to have formally responded to this motion.

3

2255 relief will be GRANTED, [Doc. 86], the amended and supplemented motion to set aside, correct or vacate sentence pursuant to 28 U.S.C. § 2255 is DENIED, [Docs. 38, 41, 46], and the motion to reinstate the original judgment, [Doc. 99], will be GRANTED.

Mitchell makes a host of arguments in response to the government's argument that the Court's order granting § 2255 relief should be vacated and the original judgment reinstated. [*See generally* Docs. 98, 107, 110]. Those arguments may be summarized as follows. First, Mitchell argues that he raised arguments in his § 2255 filings that have not been addressed on the merits or resolved by this Court or by the Sixth Circuit or Supreme Court. More specifically, Mitchell argues (1) Tennessee's aggravated burglary statute "does not qualify as generic burglary because the statute neither requires generic 'entry' nor does (at least) one subsection require 'intent' to commit a further crime;" [Doc. 98 at 4], (2) that Mitchell could have been convicted of "attempted burglary" under the Tennessee statute, which would not have counted as an ACCA predicate, [*id*. at 6, 11-16]; and (3) under Tennessee Code Annotated § 39-14-402, subsection (a)(3), aggravated burglary may be committed "recklessly." [*Id*. at 16-18]. He further argues that the Court may look only to *Shepard*-approved documents to determine "whether Mr. Mitchell's aggravated burglary convictions were for offenses committed on occasions different from one another." [*Id*. at 18].

The United States, in its renewed motion, responds to each of these claims and correctly notes that each is foreclosed by binding Sixth Circuit precedent. Indeed, it appears that the Sixth Circuit has "closed the book" on further challenges to Tennessee aggravated burglary as a violent felony for ACCA purposes. *United States v. Tigue*, 811 F. App'x 970 (6th Cir. 2020). *See also Booker v. United States*, 810 F. App'x 443 (6th Cir. 2020). As the United States observes, the Sixth Circuit has now "repeatedly dismissed multiple identical challenges to the ACCA predicate

4

status of Tennessee aggravated burglary." [Doc. 109 at 2]. *See United States v. Brown*, 957 F.3d 679 (6th Cir. 2020); *Hennessee*, 932 F. 3d at 444; *Brumbach*, 929 F.3d 791; *United States v. Plemons*, -- F. App'x, --, 2020 WL 3278705 (6th Cir. June 18, 2020), *Gilliam v. United States*, 804 F. App'x. 387 (6th Cir. 2020); *United States v. Morris*, 812 F. App'x. 341 (6th Cir. 2020); *Kitts v. United States*, 812 F. App'x. 336 (6th Cir. 2020); *United States v. O'Dell*, 813 F. App'x. 180 (6th Cir. 2020); *United States v. Howard*, 803 F. App'x. 921 (6th Cir. 2020); *United States v. Jenkins*, 803 F. App'x. 923 (6th Cir. 2020); *United States v. McClurg*, 811 F. App'x. 945 (6th Cir. 2020); *United States v. Bateman*, 780 F. App'x 355, 357 (6th Cir. 2019); *Greer v. United States*, 780 F. App'x. 353, 353 (6th Cir. 2019); *United States v. Crutchfield,* 785 F. App'x. 321, 324 (6th Cir. 2019); *United States v. Bawgus*, 782 F. App'x. 408, 410 (6th Cir. 2019); *United States v. Hamilton*, 774 F. App'x 283 (6th Cir. 2019) (*per curiam); Bell v. United States*, 773 F. App'x 832, 833 (6th Cir. 2019); *Mann v. United States*, 773 F. App'x. 308, 309 (6th Cir. 2019). There is little room for doubt in this circuit that Mitchell's Tennessee aggravated burglary convictions qualify as predicate offenses for ACCA purposes, quite contrary to Mitchell's insistence that the law is "not settled." [Doc. 110 at 4].[4]

The Court has repeatedly extended to the Defendant the opportunity to challenge the application of the ACCA's 15-year mandatory minimum sentence to his case. Any reasonable possibility that he might successfully do so has now been foreclosed. As a result, the motion of the United States to vacate the Court's order granting § 2255 relief, [Doc. 86], is GRANTED, and the Court's memorandum opinion and order, [Docs. 54, 55], are VACATED. The Defendant's

---

[4] In his second motion to stay the resentencing hearing, Mitchell makes an additional argument, *i.e.*, that the issue decided in *Brumbach* is still at issue in two separate cases pending before the Sixth Circuit—*United States v. Buie,* No. 18-6185 (direct appeal) and *Carter v. United States*, No. 19-5814 (§ 2255 appeal). In *Buie*, the Sixth Circuit has now held that *Brumbach* forecloses the argument that Tennessee aggravated burglary is not a violent felony for ACCA purposes. *United States v. Buie*, 960 F. 3d 767 (6th Cir. 2020). In *Carter*, the Sixth Circuit held that a "conviction for Tennessee second-degree burglary is a predicate offense under the ACCA's enumerated-offenses clause" and noted that the Sixth Circuit has now "repeatedly" reaffirmed *Brumbach*. *Carter v. United States*, -- F. App'x --, 2020 WL 4037922 (6th Cir. July 17, 2020). Neither of these cases offers support for Mitchell's position.

amended and supplemented motion to vacate, set aside or correct sentence, [Docs. 38, 41, 46], are

DENIED.   The motion of the United States to reinstate the original judgment, [Doc. 99], is

GRANTED and the Court's judgment of May 13, 2010, [Doc. 36], is REINSTATED.[5]   The

Defendant's motion to continue/hold resentencing hearing in abeyance, [Doc. 107], is DENIED.[6]

Further, the renewed motion of the United States to cancel the resentencing hearing and reinstate

the original judgment, [Doc. 109], is DENIED as MOOT.

SO ORDERED.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE

---

[5] Mitchell was sentenced to 180 months of imprisonment, a five-year term of supervised release, and a $100 mandatory assessment pursuant to 18 U.S.C. § 3013.

[6] Since the Court is without discretion to impose any sentence of less than 180 months of imprisonment, no sentencing hearing is needed.

Case 2:09-cr-00017-JRG-DHI   Document 111   Filed 08/20/20   Page 6 of 6   PageID #: 1121