UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE


UNITED STATES                     )
                                  )
                                  )
v.                                )          No. 2:09-CR-17
                                  )
                                  )
CHRISTOPHER ALAN MITCHELL         )


MEMORANDUM AND ORDER


On August 20, 2020, this Court vacated its prior order vacating defendant's conviction in

light of *United States v. Stitt*, 860 F. 3d 854 (6th Cir. 2017) *rev'd United States v. Stitt*, 139 S. Ct.

399 (2018), granted the government's motion to reinstate the original judgment, and reinstated the

original 180-month term of imprisonment.  [Doc. 111].  On August 26, 2010, defendant moved the

Court to reconsider and order the federal sentence to run concurrently with a since imposed term of

imprisonment based in part on the same incident which led to the charge in this case, something the

Court did not do at the time of the original sentencing.  [Doc. 112].  The United States responded

in opposition to the motion to reconsider, [Doc. 113].  While the motion was still pending, defendant

filed a notice of appeal, [Doc.114].  The Sixth Circuit thereafter held the appeal in abeyance until

the district court ruled on the pending motion.  [Doc. 115].  For the reasons which follow, the motion

to reconsider will be DENIED.

The only issue raised in the motion to reconsider is the one mentioned above.  Defendant

acknowledges that, at the time of the original sentence, the Court lacked lawful authority to order

1

the federal sentence to be served concurrently with a yet-to-be imposed state sentence, but argues the Court should now order just that in view of the Supreme Court's decision *in United States v. Setser*, 566 U.S. 231 (2012). The United States argues in opposition that a motion for reconsideration is not an appropriate method with which to raise a new claim. The government also argues that even if the court has authority to entertain the claim, *Setser* does not provide a basis for doing so.

The United States is correct. The record is clear that the claim has not been raised previously and is therefore "a new claim." *See Dean v. City of Bay City*, 239 F. App'x 107, 111 (6th Cir. 2007). The defendant did not file a reply to the government's response and offers no contrary argument. The government correctly points out that the defendant could have raised the claim in any of its several responses to the government's motions to vacate the § 2255 order or to reinstate the judgment in the criminal case but did not. Likewise, *Setser* does not afford any authority to the Court to modify Mr. Mitchell's previous sentence. *Setser* is not retroactive and, while the Court may be somewhat sympathetic to defendant's argument, the Supreme Court's decision would not, in any event, require the Court to grant the requested relief at any resentencing hearing. *See United States v. Hopkins*, 568 F. App'x 143, 147 n.3 (3d Cir. 2014) ("*Setser* is not retroactive."). For these reasons, defendant's motion to reconsider, [Doc. 112], is DENIED.

**SO ORDERED.**

ENTER:

_____
s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE

2